Michael Meyer, Esq. (SBN 101096)
**HAVEN LEGAL SOLUTIONS**
410 Greenwood Ave.
San Bernardino, CA 92407
T: (505)-688-8322
E: mike@havenlaw.org

Attorney for Plaintiff, *MICHAEL GREEN a tribal economic development corporation of the CROW TRIBE OF MONTANA*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN, a California Corporation and tribal economic development entity of the CROW TRIBE OF MONTANA, a federally recognized Indian nation<br><br>Plaintiff,<br><br>v.<br><br>JASON ANDERSON, in his capacity as the District Attorney of San Bernardino County, and<br><br>SAN BERNARINDO COUNTY,<br><br>Defendants. | Case No. 5:24-cv-00050<br><br>**PLAINTIFF'S COMPLAINT SEEKING DECLARATORY RELIEF** |

Plaintiff's **Complaint for Declaratory and Injunctive Relief**                                                                 1

## NATURE OF THE ACTION

1.     Michael Green ("MG") is corporation majority owned by a tribal conglomerate led by the Crow Tribe of Montana (" Crow Tribe"), a federally recognized tribe under Section 16 of the Indian Reorganization Act of 1934, 25 U.S.C. § 476, in association and partnership with the Raven Alliance Development ("RAD"), First Nation Medical Board ("FNMB"), Turtle Band Healing Clinic ("TBHC"), and other tribal nations (collectively referred to as "Tribal Conglomerate"). In 2021, MG acquired several hundred acres of land in San Bernardino County from a private property owner, Amanda Baxter. The land is improved with several hundred greenhouses used in agricultural production. Through the Michael Green Statutory Trust ("MGST"), which is also owned by the same Tribal Conglomerate a tribal conglomerate led by FNMB under the direction and supervision of Tribe, Tribe acquired majority interest in MG for the purpose of tribal economic development, education and training in agriculture, health, and wellness for the benefit of its tribal members. MG is in the process of starting up organic vegetable, flower, and herb production in the greenhouses for economic gain, and training, education and employment of its members, and to promote health and wellness of tribal members.

2.     After MG acquired the land, the former absentee property owner, a resident of Houston, Texas, was involved in a San Bernardino Superior Court in a criminal case arising out of her tenants' operation of an illegal cannabis growing operation on the MG property. All agricultural activity of any kind or nature was halted after a raid on the property and before the Crow Tribe acquired a controlling interest in MG. Although Amanda Baxter no longer held any right, title or interest in or to the land after July 2022, in March 2023 she agreed to cooperate with Defendant, Jason Anderson, in his capacity as District Attorney of San Bernardino County. MG gave notice to San Bernardino and several government entities designated by Epstein were

owned by the Tribal Conglomerate before February 2023, they had actual knowledge that she had no right to enter the property after July 2022. Because she was no longer owner of the property in March 2023, she had no idea that remediation might entail entering into the property, which she no longer owned or controlled. The District Attorney has requested permission from the San Bernardino Superior Court to engage San Bernardino Sheriffs to enter tribally – owned property without the consent of MG or the Tribal Conglomerate in order to dismantle, destroy and remove the greenhouses. Defendant, San Bernardino County has further issued citations, on October 17, 2023 and October 18, 2023, alleging a nonconforming use of the land. Removal and remediation would severely injure the economic interest of the Tribal Conglomerate, in connection with their tribal economic development, training, educational and wellness programs using the greenhouses; for reasons solely related to past criminal acts of a former property owner who no longer controls, owns or has any relationship to the land or greenhouse structures.

    3.    MG brings this action to protect the Tribe's property and rights based on its sovereign immunity under the United States Constitution and federal law.

## JURISDICTION AND VENUE

    4.    This action arises under the Constitution and laws of the United States, including the Indian Commerce Clause, (U.S. Const., Art. I, § 8, clause 3). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1362. Relief may be awarded under 28 U.S.C. §§ 2201 and 2202. This action is brought pursuant to federal law to protect the Tribe's governmental rights and authority over its tribal economic, educational, health business entities. This action involves an actual controversy requiring federal judicial relief.

    4.    Venue in this Court is appropriate under 28 U.S.C. § 1391(b) because one or more of the Defendants reside in this District; the events or omissions giving rise to the claims occurred in this District; and the property that is the subject of the action is situated in this

Plaintiff's **Complaint for Declaratory and Injunctive Relief**    3

District.

## PARTIES

5. Plaintiff, MG is corporation duly organized under the laws of the State of California. In July 2022, which is majority owned by the Tribal Conglomerate. See Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 80 Fed. Reg. 1942, 1946 (Jan. 14, 2015). MG is a tribal economic, educational, and health development entity of the Crow Tribe. Crow Tribe made First Nation Medical Board ("FNMB") an official Tribal Economic Development entity when its Chairman, Alvin Not Afraid, Jr. signed a Resolution on March 29, 2019.

6. Defendant Jason Anderson is the duly elected and acting District Attorney of San Bernardino County ("Anderson"). Defendant San Bernardino County is a duly organized and chartered county under the Constitution of the State of California in whose jurisdiction lies the real and personal property of plaintiff which is the subject of this action.

## MG IS A TRIBAL ECONOMIC, EDUCATIONAL AND HEALTH DEVELOPMENT ENTITY OF THE CROW TRIBE OF MONTANA

7. The Crow Tribe through its tribal economic development corporations and Tribal Conglomerate owns MG and MG is the owner in fee simple of certain real property situated in the City of Adelanto, County of San Bernardino, State of California commonly known as

- 1350 La Mesa, Pinon Hills, CA;
- 1167 Markham Ave., Adelanto, CA;
- 20200 Chamisal St, Adelanto, CA; and
- 1060 Plato St, Adelanto, CA

The legal descriptions of MG's real property are set out in the grant deeds attached as Exhibits "A", "B","C" and "D", and incorporated by this reference. (collectively "Tribal Properties")

8. Defendant, Anderson, as prosecutor in a criminal case against the former property owner is threatening to authorize the San Bernardino County Sheriff's department to enter into MG's properties for the purpose of dismantling, destroying, and removing over 200 greenhouse situated thereon. The basis for such action is Anderson's claim that the greenhouses were used by tenants of the former property owner, Amanda Baxter, for the purpose of illegal cannabis production, which ended with a raid by the San Bernardino County Sheriff's department on or about March 2022.

9. As a part of TBHC's "Agricology Program" with MG, the greenhouses have economic utility for growing almost any form of agriculture product and there is nothing unique, singular or tailored in the construction of the greenhouses on MG's property which adapts them for marijuana cultivation as opposed to the cultivation of other agricultural crops. Thus, Anderson's claims that the greenhouses should be destroyed because they have been misused for growing marijuana is illogical. The drug offenders, Amanda Baxter and her tenants no longer have an interest in the properties. There being nothing unique or peculiarly adapted for use in drug manufacture or cultivation there is no basis to destroy property which belongs to a tribal development entity engaged in lawful business, educational, and health programs for tribal members.

10. For purposes of this action, the Crow Nation has determined that MG's land and greenhouse shall be used for tribal programs all lawful and complaint under California law. Through their planning, design, and development activities, their investment in infrastructure, their provision of education and training services, and their selection and management of qualified teachers and agricultural managers, the Crow Nation, through RAD, TBHC, FNMB, and MG have implemented federal goals of, inter alia, tribal economic development, self-sufficiency, and self-determination, arising out of federal statutes and regulations, and have

converted empty land into a thriving agricultural enterprise which provides employment opportunities for tribal members, as well as education and training in health and wellness.

11. MG's activities are also regulated by Crow Nation tribal codes and ordinances including land use and zoning; air-pollution control; building and construction; business licensing; fire safety; electrical; traffic; right to work; tribal and Indian hiring and contracting preference; rights of way and easements; health and safety; environmental infractions; sewer and water. The Crow Nation and its tribal economic business entities strive for self-sufficiency and self-governance.

12. Congress's intent to promote economic growth and independent tribal economies is evident in the passage of the Indian Reorganization Act of 1934, 48 Stat. 984, as amended, 25 U.S.C. § 461 *et seq*. (the "IRA"), under which Crow Nation is organized pursuant to a Secretarially approved constitution and bylaws. The IRA was designed, in part, to "rehabilitate the Indian's economic life" and "to give the Indians the control of their own affairs and of their own property" by placing it in the hands of the tribal government or a tribal corporation. *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 152 (1973) (citations and quotations marks omitted); see also *Washington v. Confederated Tribes of the Colville Indian Reservation*, 447 U.S. 134, 155 (1980)

13. Congress continued to support tribal economic development, and the evolution of independent tribal economies, through the Native American Business Development, Trade Promotion, and Tourism Act of 2000, Pub. L. No. 106-447, 114 Stat. 1934 (2000) (codified at 25 U.S.C. § 4301 *et seq*.). In the Act, Congress expressly recognized that Indian tribes' capacity to build strong tribal governments and vigorous economies is hindered by tribes' inability to engage communities that surround Indian lands and outside investors in economic activities on Indian-owned lands, on and off the reservation. In the Act, Congress also expressly recognized the United States' obligation to assist Indian tribes to encourage investment from outside sources

that do not originate with the tribes and to facilitate economic ventures with outside entities that are not tribal entities. The Act expressly encourages economic development through partnerships with outside business entities, through business ventures with companies such as MG situated on and off reservation lands. As a self-governing tribe, Crow Nation, through FNMB, has assumed control of MG's property and the greenhouses and is in charge of planning, conduct and administration of its facilities.

14. On October 17, 2023 and October 18, 2023, San Bernardino County officials issued citations stating that certain structures on MG's premises were non-conforming in violation of San Bernardino County Code §§ 33.0403 and 84.17.040. These citations have bolstered the contentions of Defendant, Anderson whose planned entry onto land, land now controlled by an Indian tribe in pursuit tribal economic opportunities, is a breach of tribe sovereignty and should be restrained and prohibited to protect Indian property and rights.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief Re: Indian Commerce Clause)**

15. The Indian Commerce Clause of the United States Constitution prohibits state and local action that imposes undue burdens on sovereign Indian tribes, on the conduct of its tribal economic business entities, and tribal commerce.

16. Defendants' threatened action of entering onto Plaintiff's property for purposes of dismantling, removing and destroying in excess of 200 greenhouses would destroy Plaintiff's property and impose undue burdens or eradicate Plaintiff 's tribal economic, educational and health programs involving agricultural crop production, training and education in the greenhouses for the benefit of its tribal members.

17. Plaintiff's tribal economic business, educational and health and wellness programs and opportunities would be significantly reduced or eliminated if Defendant's

threatened action and enforcement of its laws, statutes and ordinances were permitted to go forward.  Plaintiff contends that Defendant's administration and enforcement of state and county laws precludes Plaintiff and the Tribal Conglomerate from exercising the sovereign authority of the Crow Nation over their real and personal property engaged in Indian commerce.

18. Defendant's intended enforcement of state and county laws by removing and destroying in excess of 200 greenhouses on Plaintiff property violates the Indian Commerce Clause.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief Re: Infringement of Tribal Self Governance)

19. Plaintiff and the Tribal Conglomerate possess the inherent and federally-recognized sovereign right to make their own rules and regulation concerning essential government services to its businesses, their employees, suppliers, and patrons is an exercise of Crow Nation's federally-protected power of self-government.

20. The right and ability of the Crow Nation and its tribal economic business entity, MG, to exercise its land use and planning authority, and to regulate and administer building codes for tribal infrastructure projects, and economic development entities, is a federally-protected right of self-government.

21. Defendant's action of asking for remediation of Plaintiff's properties burdens and interferes with Crow Nation's ability to exercise its sovereign authority and deprives Crow Nation of the opportunity to pursue tribal economic, educational and training programs and opportunities to promote and ensure the health and welfare of its tribal members and those visiting and using Plaintiff's properties.

22. Defendant San Bernardino County's administration and enforcement of San Bernardino Code in connection with tribal economic activities at Plaintiff's properties interferes with and frustrates Crow Nation's sovereign right to make its own laws, regulate its own property and by so doing violates federal law.

## ATTORNEY FEES

23. Plaintiff has engaged an attorney to prosecute this action for the protection of triable rights and properties and seeks an award of attorney fees pursuant to 15 U.S.C. § 1640.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court award the following relief:

1. A declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202 and other applicable law, declaring that Defendant's administration and enforcement of state and county laws, at the property burdens and restricts commerce within Plaintiff's properties in violation of the Indian Commerce Clause, including but not limited to ordering the remediation, removal and destruction of in excess of 200 greenhouse structures.

2. A declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202 and other applicable law, declaring that federal law preempts Defendant's threatened administration and enforcement of state and county laws in connection with activities and land use at Plaintiff's properties to the extent such laws require the remediation, removal and destruction of in excess of 200 greenhouse structures.

3. A declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202 and other applicable law, declaring that Defendant's administration and enforcement of state and

Plaintiff's **Complaint for Declaratory and Injunctive Relief**                                                                 9

county law and at Plaintiff's properties interferes with Plaintiff's sovereign right of self-government and violates federal law to the extent to the extent such laws require the remediation, removal and destruction of in excess of 200 greenhouse structures.

4. An aware of attorney's fees pursuant to statute or law;

5. Such other and further relief as the Court deems just and appropriate.

Date: January 9, 2024

*(signature)*

Michael Meyer, Esq. (SBN 101096)

Attorney for Plaintiff, *MICHAEL GREEN, a tribal economic corporation of the CROW TRIBE OF MONTANA*