1  ELYSE S. OKADA, ESQ. (CA State Bar No. 337481)
   Deputy County Counsel
2  TOM BUNTON (CA State Bar No. 193560)
   County Counsel
3  385 North Arrowhead Avenue, Fourth Floor
   San Bernardino, California 92415-0140
4  Telephone: (909) 387-4604
   Facsimile: (909) 387-4069
5  E-Mail:  Elyse.Okada@cc.sbcounty.gov

6  Attorneys for Defendants JASON ANDERSON and SAN BERNARDINO COUNTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN, a California Corporation and tribal economic development entity of the CROW TRIBE OF MONTANA, a federally recognized Indian nation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASON ANDERSON, in his capacity as the District Attorney of San Bernardino County and SAN BERNARINDO COUNTY,<br><br>　　　　　Defendants. | Case No.  5:24-cv-00050-SB-SP<br><br>Honorable Stanley Blumenfeld, Jr.<br><br>**DEFENDANTS JASON ANDERSON AND SAN BERNARDINO COUNTY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Elyse S. Okada; Exhibits; Request for Judicial Notice; and [Proposed] Order filed concurrently herewith*]<br><br>Date:　　　April 26, 2024<br>Time:　　　8:30 a.m.<br>Location:　U.S. Courthouse, Courtroom 6C<br>　　　　　　350 West 1st Street<br>　　　　　　Los Angeles |

　　TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE THAT on April 26, 2024, at 8:30 a.m., before the Honorable Stanley Blumenfeld, Jr. in Courtroom 6C of the United States District Court

located at 350 W. 1st Street, Los Angeles, California 90012, Defendants JASON ANDERSON ("DA") and SAN BERNARDINO COUNTY ("County") (collectively "Defendants"), by and through their attorneys of record, will move this Court to dismiss this action and each separate cause of action in the First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), (6) and (7). This Motion to Dismiss ("Motion") is made on the following grounds:

  1. Plaintiff Michael Green's ("Plaintiff") claims should be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger* abstention");

  2. This Court lacks subject-matter jurisdiction over Defendants under the *Younger* abstention doctrine;

  3. Plaintiff fails to state a claim upon which relief can be granted against Defendants as to the first cause of action for relief under the "Indian Commerce Clause per U.S. Constitution Art. I §8, Cl. 3." Plaintiff's allegations are couched in conclusory terms and fail to set forth any substantive facts against Defendants;

  4. Plaintiff fails to state a claim upon which relief can be granted against Defendants as to the second cause of action for relief under the "Infringement of Tribal Self Governance in violation of U.S. Constitution Art. I §8, Cl. 3." Plaintiff's allegations are couched in conclusory terms and fail to set forth any substantive facts against Defendants; and,

  5. Plaintiff fails to join necessary parties pursuant to Federal Rules of Civil Procedure Rule 19.

This Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Elyse S. Okada, the pleadings and papers on file herein, and upon such further evidence as may be presented at or before the hearing.

On February 28, 2024, Plaintiff served Defendants with a signed Summons and the First Amended Complaint. The deadline for Defendants to respond is March 20, 2024. Thus, this Motion is timely.

This Motion is made following conference of counsel pursuant to Local Rule 7-3, which took place on February 7, 2024 and February 16, 2024.

DATED: March 18, 2024         Respectfully submitted,

                                           TOM BUNTON
                                           County Counsel

                                           */s/ Elyse S. Okada*
                                           ELYSE S. OKADA
                                           Deputy County Counsel
                                           Attorneys for Defendants JASON ANDERSON
                                           and SAN BERNARDINO COUNTY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit concerns four properties located in San Bernardino County, California, that contain illegal grow structures and equipment that were used and are continuing to be used in the illegal grow and cultivation of marijuana. The properties are: 1) 20020 Chamisal Road, El Mirage, California 92301 ("Chamisal Property"); 2) 1350 La Mesa Road, Pinon Hills, California 92372 ("La Mesa Property"); 3) 1060 Plato Street, El Mirage, California 92301 ("Plato Property"); and 4) 1167 Markham Street, El Mirage, California 92301 ("Markham Property") (collectively "Subject Properties"). The Subject Properties are currently the subject of abatement and removal by County Code Enforcement for unlawful structures and hazardous waste and materials that remain on the Subject Properties, after numerous notices to remediate, intent to abate, and abatement warrants issued by the Superior Court of the State of California, County of San Bernardino.

Here, Plaintiff's FAC seeks declaratory and injunctive relief against the DA and the County regarding the abatement and removal of unlawful structures and hazardous waste and materials from the Subject Properties in two claims: 1) Declaratory Relief Re: Indian Commerce Clause per. U.S. Constitution Article I §8, Cl. 3; and, 2) Declaratory and Injunctive Relief Re: Infringement of Tribal Self Governance in violation of U.S. Constitution Article I §8, Cl. 3.

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971) ("*Younger* abstention"), the Court should dismiss Plaintiff's FAC because it would frustrate the state's interest in administering its judicial system and interfere with the state court action. If this Court were to grant an injunction, it would vitiate the ability of the County to enforce its own laws by granting Plaintiff the power to force the County to ignore its own municipal code regarding the numerous violations on the Subject Properties.

In addition to dismissing Plaintiff's FAC on the grounds of abstention, the FAC should be dismissed in its entirety for failing to state a claim for which relief can be granted, and for Plaintiff's failure to join necessary parties.

## II. FACTUAL BACKGROUND

### A. Criminal Case

On February 8, 2019, fire personnel and deputies with San Bernardino County responded to a fire at the La Mesa Property. Declaration of Elyse S. Okada ("Okada Decl."), ¶1. San Bernardino County Sheriff's Deputies ("Deputies") located an illegal cannabis cultivation of approximately 1500 live marijuana plants and 41 pounds of processed marijuana. Okada Decl., ¶1. Due to prior complaints about possible illegal marijuana grows at the La Mesa Property, a search warrant was already signed by the Honorable Lisa Rogan of the Superior Court, County of San Bernardino on February 7, 2019. Okada Decl., ¶2. The La Mesa Property was owned by Amanda Baxter ("Baxter"). Okada Decl., ¶3.

On February 3, 2022, Deputies served search warrants at three properties owned by Baxter, the Chamisal Property, the Plato Property; and the Markham Property. Okada Decl., ¶¶4-7. The Deputies determined that illegal marijuana was being grown at all three properties. At the Chamisal Property, Deputies located 160 greenhouses and recovered a total of 22,698 live marijuana plants and 526 pounds of processed marijuana. Okada Decl. ¶5. At the Markham Property, Deputies located 28 greenhouses, and in a closet of one of the two mobile homes on the property, an AR-15 rifle loaded with twenty-six (26) 556mm rounds; four (4) 30-round high-capacity magazines; and one (1) 12 round 9mm high-capacity magazine were found. Okada Decl., ¶6. Additionally, Deputies located 233.6 pounds of processed marijuana and 2,078 live marijuana plants. Okada Decl., ¶6. At the Plato Property Deputies located 140 greenhouses, 20,598 live marijuana plants, 71 pounds of processed marijuana, and a shotgun. Okada Decl., ¶7-8.

On March 10, 2022, Deputies served a search warrant for the La Mesa Property where 96 greenhouses, 60,312 live marijuana plants, and 207 pounds of processed marijuana were found. Okada Decl., ¶¶9-10.

On October 26, 2022, Deputies served another search warrant for the La Mesa Property where they found 78 greenhouses, 5,403 live marijuana plants, and 107 pounds of processed marijuana. Okada Decl., ¶11-12.

On February 3, 2023, Baxter was charged with 17 counts by the San Bernardino County District Attorney's Office for the illegal cultivation of cannabis. (Request for Judicial Notice ("RJN"), Exh. L). Baxter was arrested and then arraigned on February 27, 2023. RJN, Exh. L. On March 2, 2023, Baxter agreed to plea guilty to multiple counts; was convicted on others; and agreed to remediate all of the Subject Properties. RJN, Exh. L. Plaintiff's counsel here, Michael Meyer (Mr. Meyer), was counsel for Baxter in the criminal proceedings. RJN, Exhibit L-1.

### B. Michael Green's Purchase of the Subject Properties

Plaintiff is incorporated in the State of California by Baxter, with counsel for Plaintiff in this action, Mr. Meyer, listed as its Chief Executive Officer, Chief Financial Officer and Secretary. Exhibits E-F of the FAC; RJN, Exh. M-N. On December 19, 2022, after multiple search warrants and investigations by Sheriff's Deputies into the Subject Properties, Baxter deeded the Subject Properties to Plaintiff. Exhibits A-D of the FAC. Just prior to this transfer to Plaintiff, on December 12, 2022, the Nottaway Tribal Community allegedly extended its sovereign right to Plaintiff and Mr. Meyer. Okada Decl., ¶20.

On April 23, 2023, after Plaintiff purchased the Subject Properties from Baxter, Sheriff's Deputies served a search warrant at the Plato Property where 144 greenhouses and 6,115 live marijuana plants were found. Okada Decl., ¶¶13-14.

### C. Abatement of the Subject Properties

In addition to the numerous notices of violations; citations and notices of intent to abate and remove hazardous waste and materials from the Subject Properties to Amanda Baxter, when Plaintiff purchased the property on December 19, 2022, it also received numerous notices; citations; intentions to abate and abatement warrants when it acquired the property. Okada Decl., ¶¶15, 17-19. On February 13, 2023, Plaintiff also represented to the County that it would "remediate the Code violations." Okada Decl., ¶16.

After numerous email correspondences with Plaintiff's counsel; notices; citations and intentions to abate, and still no action from Plaintiff to remediate the Subject Properties, on February 13, 2024, the County's Code Enforcement obtained an Abatement

Warrant signed by the Honorable Judge Rodney Cortez of the Superior Court of California, County of San Bernardino, to abate the Markham Property.  Okada Decl., ¶19.  On February 15, 2024, as noticed in the Abatement Warrant, San Bernardino County Sheriff's Department personnel and Code Enforcement personnel entered the Markham Property, and proceeded to abate the illegal structures and equipment on the property that were used in the illegal cultivation of cannabis.  Okada Decl., ¶19.

### III. ABSTENTION IS PROPER IN LIGHT OF THE PENDING STATE COURT NUISANCE ABATEMENT PROCEEDINGS.

Since the Superior Court of California, County of San Bernardino issued an Abatement Warrant, and the criminal proceedings against Amanda Baxter are still ongoing as it relates to the Subject Properties, the Court should abstain from hearing this lawsuit because it would frustrate the state's interest in administering its judicial system and interfere with the state court proceedings.

*Younger* abstention is grounded in a longstanding public policy against federal court interference with state court proceedings absent extraordinary circumstances.  *Younger*, 401 U.S. at 43; *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982).  The Supreme Court "identified two sources for this policy: the constraints of equity jurisdiction and the concern for comity in our federal system." *Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004) (en banc).  Most importantly, *Younger* abstention permits federal courts to "preserve respect for state functions such that the national government protects federal rights and interests in a way that will not 'unduly interfere with the legitimate activities of States'". *Id.* (quoting *Younger*, 401 U.S. at 44). The Supreme Court has also pronounced that the *Younger* doctrine applies to three categories of cases: "1) ongoing state criminal prosecutions; 2) certain civil enforcement proceedings; and 3) civil proceedings involving certain orders… uniquely in the furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). "If a state proceeding falls into one of these three categories, *Younger* abstention is applicable, but only if the three additional

factors, [the *Middlesex* factors],… are also met: that the state proceeding is 1) 'ongoing'; 2) 'implicates important state interests'; and 3) 'provides adequate opportunity to raise constitutional challenges.'" *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (quoting *Middlesex County Ethics Committee*, 457 U.S. at 432).

A. **The state nuisance proceedings are pending in state court.**

The Supreme Court has held that a state nuisance proceeding may warrant *Younger* abstention from federal claims. See *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 (1975). In *Huffman*, the Court held that where there was an ongoing state nuisance enforcement proceeding against the manager of an obscene film theater, the district court should have abstained because "[t]he propriety of federal-court interference with an Ohio nuisance proceeding must ... be controlled by application of those same considerations of comity and federalism" at issue when the state proceedings are criminal in nature. *Id.* at 604. This holding was later clarified in *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989) where the "Supreme Court cited *Huffman* to clarify that *Younger* abstention may apply 'beyond state criminal prosecutions, to civil enforcement proceedings.'" *Herrera*, 918 F.3d at 1044; *see also Woodfeathers, Inc. v. Washington County,* 180 F.3d 1017, 1021 (9th Cir. 1999) (holding "Civil actions brought by a government entity to enforce nuisance laws have been held to justify *Younger* abstention.")

The nuisance action pending against Plaintiff in state court here closely resembles the nuisance action that was pending in state court in *Herrera,* 918 F.3d 1037. In *Herrera*, the City of Palmdale ("City"), a state actor, obtained and executed an inspection warrant, and identified more than four hundred violations of State and local laws on a motel property. *Id.* at 1045. The City then issued a Notice and Order to Repair or Abate the violations, initiating an action for nuisance abatement and receivership, and alleging that the motel property contained numerous violations and posed a severe life and health and safety hazard to occupants, nearby residents, and the public. *Id.* The nuisance complaint requested "the appointment of a receiver to take possession and control of the property, an

5
DEFENDANTS' MOTION TO DISMISS THE FAC; MEMORANDUM OF POINTS AND AUTHORITIES

injunction preventing the [plaintiffs] from collecting rent or income from the property and from claiming any state tax deduction on the property; and the imposition of civil penalties against the [plaintiffs]." *Id.* The court in *Herrera* acknowledged that "[i]n keeping with the objective of the enforcement actions described in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013), such relief would 'sanction' the [plaintiffs] for their alleged failure to comply with state and local laws. *Id.* The *Herrera* court held that the "state nuisance enforcement action brought by the City… [was] a civil enforcement proceeding within the scope of the *Younger* doctrine." *Id.*

Here, like the civil enforcement proceeding found to be within the scope of the *Younger* doctrine in *Herrera,* the County's numerous Notices of Violations, Administrative Citations, Notices of Intent to Abate and Remove, and Abatement Warrant are ongoing civil enforcement proceedings against Plaintiff that are subject to the *Younger* doctrine. Okada Decl., ¶¶15, 17-19. Like the City's nuisance complaint in *Herrera*, the County's numerous notices, citations and warrant informed Plaintiff that continued failure to comply with state and local laws would result in sanctions. *See Herrera*, 918 F.3d at 1045. Additionally, the civil enforcement proceedings here satisfy the *Middlesex* factors like the civil enforcement proceedings in *Herrera* because the proceedings are ongoing; there is an important state interest in eliminating public nuisances and enforcing local and state codes to protect the public from dangerous conditions; and Plaintiff here had adequate opportunity to raise its federal constitutional claims in the enforcement proceedings but did not. Therefore, there can be no dispute that this is the type of case where *Younger* abstention applies, and the Court should dismiss all of Plaintiff's claims under the doctrine. See *Gilbertson v. Albright*, 381 F.3d 965, 975, 981 (9th Cir. 2004) (en banc) (holding that when a court abstains under the *Younger* abstention doctrine, claims for injunctive and declaratory relief are typically dismissed).

IV. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

If the Court were to find that *Younger* abstention does not apply, dismissal would

still be required under Federal Rule of Civil Procedure ("F.R.C.P") 12(b)(1). F.R.C.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Dismissal pursuant to F.R.C.P. 12(b)(1) is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In determining whether general federal question jurisdiction exists, the "test is whether a cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 (1978). A "suit may… be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946).

Here, Plaintiff merely alleges that it is a corporation owned by a tribal conglomerate led by the Crow Tibe of Montana, that purchased land in San Bernardino County from a private owner. (FAC, ¶ 1.) Accepting Plaintiff's allegation that it is a Native American owned corporation, the FAC is still devoid of any facts or allegations that the Subject Properties were placed into a trust by the United States on behalf of the Crow Tribe of Montana or any individual American Indian or Tribe, estopping the conduct of San Bernardino County Code Enforcement under title 25 United States Code § 5108.

Section 5108 was originally enacted as section 465 of title 25 of the United States Code, part of the Indian Reorganization Act of 1934. It authorizes the Secretary of the Interior ("Secretary") to acquire "any interest in lands, water rights, and surface rights to lands… for the purpose of providing land for Indians." (25 U.S.C. § 5108.) The intent for the Secretary's ability to acquire land in trust status of individual Indians or Tribes is "to strengthen self-determination and sovereignty, ensure that every Tribe has protected homelands where its citizens can maintain their Tribal existence and way of life, and consolidate land ownership to strengthen Tribal governance over reservation lands and reduce checkerboarding." 25 C.F.R. § 151.3.

"An individual Indian or Tribe seeking to acquire land in trust status must file a

written request, *i.e.*, application, with the Secretary. The request need not be in any special form but must set out the identity of the parties, a description of the land to be acquired, and other information which would show that the acquisition fulfills the requirements of this part." 25 C.F.R. § 151.8.

Plaintiff has not made any showing or alleged any facts that the Subject Properties are held in trust for the Crow Tribe of Montana by the U.S. Department of Interior. Plaintiff only makes a bare allegation that as a corporation of the Crow Tribe of Montana, it purchased the Subject Properties, and because of its purchase, the Subject Properties are now sovereign land, and therefore, not subject to the laws and regulations of the State of California and San Bernardino County. Since Plaintiff's FAC fails to allege facts that the Subject Properties are in fact held in trust by the U.S. Department of Interior, and thus, sovereign land subject to Federal jurisdiction, it appears that Plaintiff's FAC brought under the U.S. Constitution were only brought for the sole purpose of obtaining federal jurisdiction to circumvent the current state court proceedings against it. Therefore, Plaintiff's FAC should be dismissed for lack of subject matter jurisdiction.

## V. PLAINTIFF'S CLAIMS FOR 1) DECLARATORY RELIEF RE: INDIAN COMMERCE CLAUSE, AND 2) DECLARATORY AND INJUNCTIVE RELIEF RE: INFRINGEMENT OF TRIBAL SELF GOVERNANCE IN VIOLATION OF ARTICLE I § 8, CLAUSE 3 OF THE U.S. CONSTITUTION, FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Under F.R.C.P. 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim for 1) lack of a cognizable legal theory; or 2) insufficient facts under a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court is not required to accept as true legal conclusions couched as factual allegations. *Id.*

On a motion to dismiss, a court may consider documents referenced in the complaint but not physically attached to the pleading. *Davis v. HSBC Bank*, 691 F.3d 1152, 1159-60 (9th Cir. 2012). A court may also consider matters judicially noticed without converting the motion to dismiss into a motion for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

Section 8, Clause 3 of the Constitution grants Congress the Power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." "State laws generally are not applicable to tribal Indians on an Indian reservation except where Congress has expressly provided that State laws shall apply." *McClanahan v. State Tax Commission of Arizona*, 411 U.S. 164, 170-171 (1973).

Here, Plaintiff merely alleges that Defendants' action to enforce state and county laws by removing illegal greenhouses on the Subject Properties frustrates Plaintiff and the Crow Nation of Montana's right to sovereignty, violating the Indian Commerce Clause. (FAC, ¶¶17-19, 23-24.). As mentioned above, the FAC is completely devoid of any facts or allegations that the Subject Properties were placed into trust by the U.S. Department of Interior making local and state laws inapplicable.

Hence, Plaintiff fails to state a claim under Section 8, Clause 3 of the Constitution.

## VI. PLAINTIFF FAILS TO JOIN NECESSARY PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 19.

Under F.R.C.P. 12(b)(7), a defendant may move to dismiss a complaint for failure to join a necessary party. Under F.R.C.P. 19(a)(2), "if a person has not been joined as required, the court must order that the person be made a party." An absentee party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing

party subject to an substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.*

Here, the only plaintiff in this action is an alleged corporation duly organized under the laws of the State of California, and majority owned by the Tribal Conglomerate. (FAC ¶5). Since Plaintiff alleges that the Subject Properties are subject to sovereign immunity, the Crow Tribe of Montana is a necessary party to this action since it itself possess sovereignty, not Plaintiff. Plaintiff alleges no facts that as a corporation itself duly organized and incorporated under the laws of the State of California that it has a right to assert sovereign immunity under Section 8, Clause 3 of the Constitution. Exhibits E-F of the FAC; RJN, Exh. M-N. Plaintiff is not a recognized Native American Tribe under the Indian Reorganization Act of 1934 that would avail them to the rights and protections of the federal government, but according to the FAC, the Crow Tribe of Montana is, and therefore, would be the proper party. (FAC ¶1). Without the Crow Tribe of Montana as a party, the Court cannot accord complete relief to Plaintiff. Therefore, if the Court determines that the Crow Tribe of Montana is a necessary party to this lawsuit, Plaintiff's First Amended Complaint should be dismissed under F.R.C.P. 12(b)(7) for failure to join a necessary party.

## VII.  CONCLUSION

For the foregoing reasons, Defendants Jason Anderson and San Bernardino County respectfully request that the Court grant their Motion to Dismiss with respect to all of Plaintiff's claims.

DATED: March 18, 2024                Respectfully submitted,

TOM BUNTON
County Counsel

*/s/ Elyse S. Okada*
ELYSE S. OKADA
Deputy County Counsel
Attorneys for Defendants JASON ANDERSON and SAN BERNARDINO COUNTY