Michael Meyer, Esq., Cal. Bar #101096
HAVEN LEGAL SOLUTIONS
410 Greenwood Ave.
San Bernardino, CA 92407
T: (505)-688-8322
E: mike@havenlaw.org

Attorney for Plaintiff, *MICHAEL GREEN a tribal economic development corporation of the CROW TRIBE OF MONTANA*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN, a California Corporation and tribal economic development entity of the CROW TRIBE OF MONTANA, a federally recognized Indian nation<br><br>Plaintiff,<br><br>v.<br><br>JASON ANDERSON, in his capacity as the District Attorney of San Bernardino County, and<br><br>SAN BERNARINDO COUNTY,<br><br>Defendants. | Case No. 5:24-cv-00050-SB-SP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: April 26, 2024<br>Time: 8:30 a.m.<br>Location: U.S. Courthouse, Courtroom 6C<br>350 West 1st Street<br>Los Angeles |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS              **1**

# **TABLE OF CONTENTS**

Table of Authorities…………………………………………………………………4

Introduction……………………………………………………………………6

Arguments…………………………………………………………………...8

    I.      Abstention shall be Improper despite Any Pending State Court
           Criminal and Nuisance Proceedings…………………………8

           A. Abstention is Improper as Impediment to the Pending State
              Criminal Proceedings Does Not Exist as Those Proceedings are
              Directed to Another Party……………………………..9

           B. Abstention Is Unnecessary as Plaintiff's Federal Action Does Not
              Duplicate or Delay State Court Criminal
              Proceedings……………………………………………10

           C. Abstention is Unnecessary since the Citations and Enforcement
              Actions against Plaintiff are Considered as Executive
              Actions…………………………….................…………11

           D. Abstention is Improper Because Plaintiff Does Not Have Adequate
              Relief in State Courts………………………………..12

    II.     Plaintiff's FAC Shall Be Sustained as It Pertains to Subject Matter
           Jurisdiction…………………………………………………...14

    III.   Plaintiff's FAC Has Stated a Claim upon Which Relief Can Be
           Granted in Compliance with Federal Rules of Civil Procedure, Rule
           8……………………………………………………………18

IV.    Plaintiff Does Not Need to Join the Crow Tribe of Montana per Federal Rules of Civil Procedure, Rule 19 as It Possesses the Same Degree of Tribal Immunity as the Tribe…………………………..21

Conclusion………………………………………………………………24

Certificate of Compliance…………………………………………………..25

# TABLE OF AUTHORITIES

*Cases*

*Accentcare Home Health of Rogue Valley, LLC v. Bliss,* No. 1:16-cv-1393-CL, 2017 WL 2464436, *2 (D. Ore. June 7, 2017).

*Agriesti v. MGM Hotels, Inc*., 53 F.3d 1000, 1002 (9th Cir. 1985).

*Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987).

*Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 385 (2d Cir. 2000).

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Bell v. Hood,* 327 U.S. 678, 682 (1946).

*Claflin v. Houseman*, 93 U.S. 130 (1876).

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 851 (9th Cir. 2019).

*Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 (1978).

*E.E.O.C. v. Peabody W. Coal Co.,* 400 F.3d 774, 779 (9th Cir.2005).
*Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019).

*Huntington v. Attrill,* 146 U.S. 657 (1892).

*Kiowa Tribe v. Manufacturing Technologies* 523 U.S. 751 (1998).

*Michigan v. Bay Mills Indian Community*, 134 S. Ct. 2024, 2030 (2014).

*Middlesex County Ethics Committee,* 457 U.S. 432 (1982).

*Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1143 (N.D. Okla. 2001).

*Native Am. Distrib. v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1292* (10th Cir. 2008).

*New Orleans Pub. Svc. v. City Council,* 491 U.S. 350 (1989).

*Puyallup Indian Tribe*, 717 F.2d at 1255.

*Steffel v. Thompson,* 415 U.S. 452 (1974).

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

*Takeda v. Northwestern Nat'l Life Ins.* Co., 765 F.2d 815, 819 (9th Cir. 1985).

*Testa v. Katt*, 330 U.S. 386 (1947).

*Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983).

*U.S. v. Sandoval* 231 U.S. 28 (1913).

*USA Fund, LLLP v. Wealthbridge Mortgage Corp.,* No. 03:11-CV-510-HZ, 2011 WL 3476815, *1 (D. Ore. Aug. 9, 2011).

*Younger v. Harris,* 401 U.S. 37 (1971).

### Statutes, Rules, and Regulations

25 U.S.C. § 476
28 U.S.C. § 1331
F.R.C.P Rule 8 (a)
F.R.C.P Rule 8 (d)(2)
F.R.C.P Rule 12 (b)(1)
F.R.C.P Rule 12 (b)(6)
F.R.C.P Rule 12 (b)(7)

### Constitutional Provisions

U.S. Const. Art. I §8, Cl. 3
U.S. Const. Art. III §1, Cl. 6.

# **INTRODUCTION**

Plaintiff asserts the fundamental tribal sovereign immunity against

Defendants' action to enforce the San Bernardino Code and dismantle greenhouses

on Plaintiff's properties at 1350 La Mesa Rd, Pinon Hills, CA; 1167 Markham

Ave., El Mirage, CA; 20200 Chamisal St., Adelanto, CA; and 1060 Plato St., El

Mirage, CA  (hereinafter "Subject Properties").

Art. I § 8, Cl. 3 of the U.S. Constitution affords federally recognized Indian

Tribes and their Tribal Economic Development Corporation (hereinafter "TEDC")

tribal sovereign immunity and self-governance against state interference. *Michigan*

*v. Bay Mills Indian Community*, 134 S. Ct. 2024, 2030 (2014) ("Among the core

aspects of sovereignty that tribes possess— subject, again, to congressional

action—is the 'common-law immunity from suit traditionally enjoyed by sovereign

powers.')

This case revolves around the respect for tribal sovereignty and the lawful

acquisition and use of property by the Michael Green corporation, a TEDC of the

Crow Tribe of Montana, a federally recognized Indian nation. The Defendants'

Motion to Dismiss (hereinafter "MTD") misrepresents the facts and misconstrues

the law, seeking to ignore the important constitutional question that must be

settled.

In their attempt to ignore this fundamental principle and the precedent applying it, Defendants contend that this Court shall abstain from exercising its jurisdiction due to pending nuisance abatement proceedings in state court despite the fact that the party to those proceedings is different (MTD, ¶ 4). Defendants further contend that even if they might be subject to this Court's scrutiny, the Court should simply stand aside as Plaintiff's First Amended Complaint (hereinafter "FAC") lacks the federal subject matter jurisdiction (MTD, ¶¶ 6 and 7 ). If all else fails, Defendants argued, the Court should dismiss the case for FAC's failure to comply with Federal Rules of Civil Procedure (hereinafter "F.R.C.P.") Rule 8 to state a claim and F.R.C.P. Rule 19 for failing to join the necessary party (MTD, ¶ 9). None of Defendants' asserted grounds for dismissal has merit.

As the record clearly shows, the FAC clearly stated that all the actions taken against the previous owner occurred after Plaintiff acquired the property. This means that any alleged violations occurred when the Tribe was not in possession of the property (FAC, ¶¶ 2 and 3).

After acquiring the property, the TEDC has used it in a manner consistent with their tribal economic development goals, and there is no evidence of any violation or nuisance being caused by the TEDC's use of the property. Defendants' attempt to apply sanctions and penalties based on the previous owner's alleged

violations is not only unjust but also infringes on the Tribe's sovereignty and their right to use and develop the property that the TEDC legally owns.

Simply put, the TEDC, as the new owner, shall not be held accountable for the previous owner's alleged misdeeds and shall not be forced to dismantle structures that are being lawfully used. The issue lies with the prior owner, and there has been no evidence that the new owner, the TEDC, is using the property in any manner that violates any ordinance of the County of San Bernardino.

In this light, we respectfully request the Court to reject Defendants' MTD and allow the case to proceed to the discovery phase, where we are confident that the facts will further validate our position. The TEDC's right to use their lawfully-acquired property for tribal economic development, free from the unwarranted and misdirected punitive actions of the Defendants, hangs in the balance.

## **ARGUMENTS**

## I. **ABSTENTION SHALL BE IMPROPER DESPITE ANY PENDING STATE COURT CRIMINAL AND NUISANCE ABATEMENT PROCEEDINGS**

This Court shall not refrain from exercising its jurisdiction due to the doctrine of abstention despite Defendants' opposite contention. Abstention doctrine is embodied in Art. III § 1, Cl. 6 of the U.S. Constitution. Abstention

inscribes the notion that a federal court shall not exercise its jurisdiction if it undermines or duplicates ongoing state proceedings. This stance is supported by the holding of *Younger v. Harris*, 401 U.S. 37 (1971) and *Steffel v. Thompson*, 415 U.S. 452 (1974).

Although Defendants established that certain ongoing state proceedings would be impacted by Plaintiff's federal action based on the doctrine in *Younger*, Defendants failed to establish that this action would impose either impediment or duplication of state proceedings. In response, Plaintiff contends that: 1) Abstention is improper as impediment to the pending state court criminal proceedings do not exist as those proceedings are directed to another party, 2) Abstention is unnecessary as Plaintiff's federal action does not delay or duplicate state court criminal proceedings, 3) Abstention is unnecessary since the citations and enforcement actions against Plaintiff are considered as executive actions, and 4) Abstention is improper because Plaintiff does not have adequate relief in state courts.

## A. Abstention is Improper as Impediment to the Pending State Court Criminal Proceedings Does Not Exist as Those Proceedings are Directed to Another Party

In *Younger*, the U.S. Supreme Court allowed the federal judiciary to abstain because the same party tried to initiate civil rights tort claims in federal court while he was being prosecuted for state crimes in state court. *Younger* at 37. Here, Defendants frustrated the party of the state criminal proceedings that Defendants mentioned with the party of the current federal action (i.e. Amanda Baxter with Michael Green, Inc.). (MTD, ¶ 4). In other words, the party of the abovementioned state proceedings is different from the Plaintiff. Since the party of the state proceedings is different from the Plaintiff, impediment of those proceedings is impossible to be warranted. Thus, since impediment of the abovementioned state proceedings is absent, this Court shall not abstain from exercising its jurisdiction.

## B. Abstention Is Unnecessary as Plaintiff's Federal Action Does Not Duplicate or Delay State Court Criminal Proceedings

According to *New Orleans Pub. Svc. v. City Council*, 491 U.S. 350 (1989), abstention is warranted when a federal action duplicates or delays state proceedings. Here, as established above, the parties of both state criminal proceedings and federal proceedings are different. Further, the state proceedings in question are neither of a constitutional nor tribal nature. Instead, the state proceedings pertain to violation of state laws (MTD, ¶4). As such, there it is impossible for either the state proceedings or the federal action at hand to be

duplicated or delayed. Hence, since the possibility of state proceedings to be

delayed or duplicated is absent, abstention is unnecessary to be taken by this Court.

## C. Abstention is Unnecessary since the Citations and Enforcement Actions Against Plaintiff are Considered as Executive Actions.

*Middlesex County Ethics Committee,* 457 U.S. 432 (1982) provides that

federal judiciary shall abstain from hearing a case based on the *Younger* doctrine

only when there is a pending state judicial proceeding. Further, a state judicial

proceeding differs from a state executive action. *Agriesti v. MGM Hotels, Inc.,* 53

F.3d 1000, 1002 (9th Cir. 1985). Executive actions include citations, notices, and

fines that are issued by state or city or county government agencies. *New Orleans*

*Pub. Svc.* at 369-373.  In other words, citations and notices alone shall not give rise

to and cannot be categorized as a judicial proceeding. A state or county action

becomes a judicial action when it is filed as a legal action in state court.

In the case at bar, Defendants misinterpreted the holding in *Herrera v. City*

*of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) to support its MTD. (MTD, ¶ 5).

In *Herrera*, the City of Los Angeles actually filed a lawsuit against Herrera before

the latter tried to obtain declaratory and injunctive relief. The Ninth Circuit Court

then dismissed the federal action under the *Younger* doctrine.

Defendants in this present case then asserted that the notices and citations that were issued by the San Bernardino County resembled those that were issued by the City of Los Angeles in *Herrera*.

Defendants' assertion is without merit. Here, no lawsuit is pending against Plaintiff in state court. The County only issued notices and citations to Plaintiff and they shall be characterized as the County's executive action.

Even if Defendants were to argue that a lawsuit was filed against the Plaintiff in San Bernardino Superior Court in pursuit of the execution of an abatement warrant (MTD, Exhibit U), such state judicial action should not trigger the application of the *Younger* doctrine abstention. Both Younger and Herrera mandate that the abstention shall occur only when a state judicial proceeding is ongoing. As the abatement warrant was completed/returned and Plaintiff did not oppose the execution of such warrant in San Bernardino Superior Court (MTD, Exhibit U), such state action is deemed to cease. Since the only state action against Plaintiff has ceased, the abstention in the *Younger* doctrine shall not apply.

## D. Abstention is Improper Because Plaintiff Does Not Have Adequate Relief in State Courts

Finally, Defendants' assertion to have Plaintiff's FAC dismissed based on the *Younger* doctrine shall not stand because Plaintiff does not have adequate relief

in state courts. *Middlesex* provides that the federal judiciary shall refrain from abstention based on the *Younger* doctrine when state courts fail to provide an adequate opportunity to raise federal questions. *Middlesex* at 432-34. The question here is whether state courts are permitted and obligated to hear federal constitutional questions.

According to *Claflin v. Houseman*, 93 U.S. 130 (1876), state courts shall have the power to hear claims that are arising either from federal law or state law so long as the federal law in question does not expressly bar state courts from hearing such claims. Simply put it, state courts can hear claims based on federal law even when Congress or the law is silent about the matter and concurrent jurisdiction with the federal courts shall be presumed to exist.

Although *Claflin* provides state courts with the power to hear federal claims, it doesn't necessarily mean that state courts are obligated to hear federal claims. *Huntington v. Attrill*, 146 U.S. 657 (1892). State courts may in fact decline to hear federal claims absent a federal law that forces them to hear claims concurrently with federal courts *cf. Testa v. Katt*, 330 U.S. 386 (1947).

In the case at bar, Plaintiff's claims are based on questions involving the U.S. Constitution. As such, 28 U.S.C. §1331 governs the jurisdictional matters. 28 U.S.C. §1331 mandates all civil claims arising out of the Constitution to be heard

in federal district court as the original jurisdiction. It also provides state courts with neither the power nor the obligation to hear Constitutional claims, as opposed to the Emergency Price Control Act in *Testa*.

Consequently, Plaintiff has no other choice but to bring the present federal action as it faces the risk that state courts can decline to hear its claims. As Plaintiff faces the aforementioned risk, the state courts do not provide adequate means for it to obtain appropriate relief.

## II.    PLAINTIFF'S FAC SHALL BE SUSTAINED AS IT PERTAINS TO SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction, despite Defendants' claim to the contrary. In the case at bar, 28 U.S.C. § 1331 provides the basis for the subject matter jurisdiction of this Court. In determining whether general federal question jurisdiction exists, the "test is whether a cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 (1978). A "suit may… be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946).

Here, Defendants attempted to assert that Plaintiff's properties where the County conducted the latter's raid and nuisance abatement actions had never been placed in the trust of the U.S. Department of Interior and subsequently, they did not enjoy tribal sovereignty. (MTD, ¶ 7). Such an attempted assertion was made to show that Plaintiff's action is without merit.

However, Defendants failed to provide sufficient authority or reasoning to support such attempt. Defendants only pointed out the requirements for a land that was acquired by a tribal corporation or a tribe to be placed under the trust of the United States without providing the requirements with sufficient authority and elaboration with regard to Plaintiffs' tribal sovereign immunity. (MTD, ¶¶ 7 and 8).

As opposed to Defendants' assertion or attempted assertion, placement into the trust of the U.S Department of the Interior is not required for Plaintiff or any tribal corporation to propound tribal sovereign immunity. This is also consistent with the holding of *U.S. v. Sandoval,* 231 U.S. 28 (1913) case. In *Sandoval*, the U.S. Supreme Court held that the Pueblo land that was given by the king of Spain should belong to the Pueblo tribe and enjoy tribal sovereign immunity despite the fact that it wasn't placed under the trust of the United States or the U.S. Department of Interior.

Neither shall any tribal economic development corporation require permission from the U.S. Secretary of the Interior, nor shall it register any land that it attempts or has already acquired in order to create a *bona fide* ownership of that tribal economic development over that land or property. Tribal economic development corporations, just as regular corporations, have the right and freedom to acquire any property or land as guaranteed by the 5th and 14th Amendments to the U.S. Constitution; namely the "Takings Clause" and the "Equal Protection Clause".

Further, Plaintiff does not need to prove that its properties shall have immunity to bar the Defendants from dismantling the greenhouses, abating nuisance, or enforcing the San Bernardino County Code. Functional immunity shall be automatically attached to the properties where the tribal economic development corporation conducts its commercial activities, even when the properties are off reservation. The test here is whether the tribal economic development corporation is conducting its commercial activities on the properties. In other words, tribal sovereign immunity is always attached to the said properties as long as those properties are being used to conduct commercial activities.

This is consistent with the holding in *Kiowa Tribe v. Manufacturing Technologies* 523 U.S. 751 (1998) and *Native Am. Distrib. v. Seneca-Cayuga*

*Tobacco Co., 546 F.3d 1288, 1292* (10th Cir. 2008). In *Kiowa*, the tribal commercial activity (i.e. the execution of a contract) was done in Oklahoma City instead of on Kiowa Tribe's reservation. Although the Kiowa Tribe subsequently defaulted on its contract, the U.S. Supreme Court held that the Tribe was deemed to be immune from state authorities attempted enforcement of state law even though the execution of contract or commercial activity was done off reservation.

While in *Seneca-Cayuga Tobacco*, the Tenth Circuit Court held that tribal immunity extends to subdivisions of a tribe, and even bars suits arising against a tribe or its subdivisions thereof that arise from tribal commercial activities even though the commercial activities were conducted off reservation.

In the case at bar, Subject Properties are vital for Plaintiff's and Tribal commercial activities. The fact that Subject Properties are being used for the sake of promoting and supporting the operational of tribal health and wellness program is sufficient for Subject Properties to be accorded with tribal sovereign immunity. (FAC, ¶¶ 5 and 6). Such tribal sovereign immunity exempts Plaintiff and Subject Properties from San Bernardino County and California laws and regulations. Such exemption also extends to the enforcement mechanism of county and state laws and regulations.

Since Defendants have failed to establish the necessity for Subject Properties to be held in trust by the U.S. Department of Interior in order for Plaintiff to assert tribal sovereign immunity and Plaintiff already established above that tribal sovereignty shall be extended to tribal economic development corporation and the properties where its commercial activities can be attached to, Plaintiff has proven that its FAC was not submitted for the sole purpose of obtaining federal jurisdiction to circumvent the current state court proceedings against it. Therefore, Plaintiff's FAC shall be sustained as this Court has subject matter jurisdiction.

## III. PLAINTIFF'S FAC HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN COMPLIANCE WITH FEDERAL RULES OF CIVIL PROCEDURE, RULE 8

In support of their Motion, Defendants argue that Plaintiff's FAC lacks, *inter alia*, a cognizable legal theory and a factual basis under a cognizable legal theory in order to sustain Plaintiff's claims of declaratory relief under the Indian Commerce Clause and declaratory and injunctive relief for infringement of tribal self- governance per Art. I § 8, Cl. 3 of the U.S. Constitution (MTD, ¶ 8).

Defendants cited no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in the FAC. F.R.C.P. Rule 8(a) states that a complaint should contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," F.R.C.P. Rule 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." F.R.C.P. Rule 8(d)(1).

The U.S. Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); accord *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under F.R.C.P. 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Thus, the F.R.C.P. provisions above embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See

*Swierkiewicz*, 534 U.S. 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g., *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

Here, the FAC is not unintelligible or confusing and does not violate F.R.C.P. Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendants and how those actions are wrongful.

The FAC clearly puts Defendants on fair notice of the charges against them. Specifically, the FAC charges that Defendants violated Art. I § 8, Cl. 3 of the U.S. Constitution by entering Subject Properties without prior consent or permission from the Plaintiff, issuing citations for the existing greenhouses on Subject Properties, planning to enter Subject Properties without Plaintiff's prior permission, and planning to dismantle the greenhouses on Subject Properties.

## IV.  **PLAINTIFF DOES NOT NEED TO JOIN THE CROW TRIBE OF MONTANA PER FEDERAL RULES OF CIVIL PROCEDURE, RULE 19 AS IT POSESSES THE SAME DEGREE OF TRIBAL IMMUNITY AS THE TRIBE**

Defendants bear the "burden of persuasion in arguing for dismissal under F.R.C.P. Rule 19." *Accentcare Home Health of Rogue Valley, LLC v. Bliss*, No. 1:16-cv-1393-CL, 2017 WL 2464436, *2 (D. Ore. June 7, 2017) (McShane, J.). The standard for review of this Motion to Dismiss requires the Court to "accept as true the allegations in Plaintiff['s] complaint and draw all reasonable inferences in Plaintiff['s] favor." *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 851 (9th Cir. 2019) (citations omitted).

In a motion to dismiss for failure to join a party under F.R.C.P. Rule 19, there is a two-step analysis to determine whether a party should or must be joined. *USA Fund, LLLP v. Wealthbridge Mortgage Corp.,* No. 03:11-CV-510-HZ, 2011 WL 3476815, *1 (D. Ore. Aug. 9, 2011) (Hernandez, J.) (citing *Takeda v. Northwestern Nat'l Life Ins.* Co., 765 F.2d 815, 819 (9th Cir. 1985). The Court must first determine whether the party is necessary. *Id*. If the party is necessary but cannot be joined in the litigation, then the court must consider whether "in equity

and good conscience" the action should proceed without his joinder. *Id.*; see also *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir.2005).

Moving onto the first prong of the test, a party is not deemed to be necessary when "complete relief can be afforded between the existing parties . . . without joining other parties who may also have an interest in the matter". *USA Fund, LLLP*, 2011 WL 3476815, *3 (emphasis in original) (citing *Puyallup Indian Tribe*, 717 F.2d at 1255).

Here, Defendants contended that Crow Tribe of Montana is a necessary party to this action since it itself possess sovereignty, not Plaintiff. (MTD, ¶10). Such contention was made in order to show that complete relief cannot be afforded between existing parties.  Defendants' contention is simply erroneous. As a TEDC, Plaintiff possesses tribal sovereign immunity as established above, just like the Tribe itself. *Seneca-Cayuga Tobacco Co.* at 1288. Due to the fact that Plaintiff possesses sovereignty, relief can be afforded and joining the Crow Tribe of Montana is unnecessary.

Moving onto the second prong of the test, a federal civil action shall proceed without the party's joinder based on equity and good conscience when the opposing party tries to abuse F.R.C.P. Rule 19 as a way to shield itself from its liability. *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d

---

1131, 1143 (N.D. Okla. 2001). Allowing Defendants to use F.R.C.P. Rule 19 to escape liability would create a legal loophole from accountability for illegal activity and accordingly incentivize widespread misconduct and abuse of the sovereign immunity doctrine. See *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 385 (2d Cir. 2000).

Here, Defendants tried to use F.R.C.P. Rule 19 in order to shield itself from its misconduct of infringing tribal sovereignty instead of using that rule to preserve the interest of the Crow Tribe. Defendants' use of F.R.C.P. Rule 19 is solely to disqualify Plaintiff's FAC. If Defendants had intended the contrary, Defendants would have filed a separate motion to request a court order to join the Crow Tribe per F.R.C.P Rule 19 (a)(2). Accordingly, this Court shall proceed without the party's joinder based on equity and good conscience.

Therefore, since the Crow Tribe is proven to be an unnecessary party to be joined in this federal action and the Court shall move without the party's joinder based on equity and good conscience, Defendants have failed to satisfy the conditions under F.R.C.P. Rule 19 for Plaintiff's FAC dismissal.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court rejects Defendants' Motion to Dismiss for its entirety as Defendants have failed to comply with Art. III §1, Cl. 6 of the U.S. Constitution, F.R.C.P. Rules 12 (b)(1), 12(b)(6), 12(b)(7), and 19(a)(2), as well as, to proceed to the discovery phase of the present federal action.

Respectfully submitted,

DATED: April 5, 2024                    /s/ Michael Meyer

_____

Michael Meyer, Esq., Cal Bar #101096
HAVEN LEGAL SOLUTIONS

Attorney for Plaintiff, *MICHAEL GREEN, a tribal economic corporation of the CROW TRIBE OF MONTANA*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, Michael Green, Inc., certifies that this document was prepared using Microsoft Word 2019 and contains 4648 words, which complies with the word limit of L.R. 11-6.1 of the U.S. District Court for the Central District of California.


DATED: April 4, 2024

/s/ Michael Meyer

_____

Michael Meyer, Esq., Cal Bar #101096
HAVEN LEGAL SOLUTIONS

Attorney for Plaintiff, *MICHAEL GREEN, a tribal economic corporation of the CROW TRIBE OF MONTANA*