ELYSE S. OKADA, ESQ. (CA State Bar No. 337481)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-4604
Facsimile: (909) 387-4069
E-Mail: Elyse.Okada@cc.sbcounty.gov

Attorneys for Defendants JASON ANDERSON, in his capacity as the District Attorney of San Bernardino County, and SAN BERNARDINO COUNTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN, a California Corporation and tribal economic development entity of the CROW TRIBE OF MONTANA, a federally recognized Indian nation,<br><br>Plaintiff,<br><br>v.<br><br>JASON ANDERSON, in his capacity as the District Attorney of San Bernardino County and SAN BERNARINDO COUNTY,<br><br>Defendants. | Case No. 5:24-cv-00050-SB-SP<br><br>Honorable Stanley Blumenfeld, Jr.<br>United States District Court Judge<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:      April 26, 2024<br>Time:      8:30 a.m.<br>Location:  U.S. Courthouse, Courtroom 6C<br>           350 West 1st Street,<br>           Los Angeles, California 90012 |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

///

///

///

1

Defendants JASON ANDERSON, in his capacity as the District Attorney of San Bernardino County and SAN BERNARDINO COUTNY ("Defendants") hereby submit the following Memorandum of Points and Authorities in reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.

DATED: April 12, 2024         Respectfully submitted,

                                       TOM BUNTON
                                       County Counsel

                                       */s/ Elyse S. Okada*
                                       ELYSE S. OKADA
                                       Deputy County Counsel
                                       Attorneys for Defendants Jason Anderson, in his capacity as District Attorney for San Bernardino County and San Bernardino County

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's opposition fails to address all of Defendants' reasons justifying that this case should be dismissed. The opposition fails to address the fatal hole and discrepancies in its argument that it is a corporation of the Crow Tribe of Montana ("Crow Tribe"), it suffers from mischaracterization of the facts and evidence, and it cites distinguishable and unpersuasive authority.

In sum Plaintiff argues that we should assume that it is a corporation of the Crow Tribe and that there are no pending criminal or civil proceedings against it, but continues to fail to put forth sufficient facts, authority, or evidence that supports its assertions.

## II. PLAINTIFF'S ARGUMENT THAT THE CIVIL ENFORCEMENT PROCEEDINGS OCCURRED AFTER ITS ACQUISITION OF THE SUBJECT PROPERTIES IS WITHOUT MERIT.

Plaintiff's assertion that the civil enforcement proceedings involving the Subject Properties (20020 Chamisal Road, El Mirage, California 92301 ("Chamisal Property"); 1350 La Mesa Road, Pinon Hills, California 92372 ("La Mesa Property"); 1060 Plato Street, El Mirage, California 92301 ("Plato Property"); and 1167 Markham Street, El Mirage, California 92301 ("Markham Property")) were only a result of the prior owner's conduct, is false. Plaintiff fails to acknowledge the conduct on the Subject Properties after its purchase. Plaintiff does not address the search warrant executed on April 23, 2023 where 144 green houses and 6,115 live marijuana plants were found on the Plato Property, and the multiple warning, notices, citations and warrants against it after its purchase of the Subject Properties. (Motion to Dismiss ("MTD") Exhibit ("Exh.") P).

## III. PLAINTIFF HAS NOT AND CANNOT DEMONSTRATE THAT *YOUNGER* ABSTENTION DOES NOT APPLY.

Plaintiff's arguments that *Younger* abstention does not apply is flawed since it still names Defendant Jason Anderson, in his capacity as the District Attorney of San Bernardino County ("DA") a state criminal prosecutorial entity; it applies dissimilar case law; and it

1

mischaracterizes the requirements of *Younger* by asserting that a pending lawsuit needs to exist in order for abstention to apply.

### A. Plaintiff's argument that there is no pending criminal prosecution against it is conflated by the fact it names the DA as a Defendant.

Plaintiff is playing fast and loose with its argument that it is a separate party from Amanda Baxter, but fails to address why Baxter is listed as the "Incorporator" on the Articles of Incorporation for Plaintiff, as evidenced in Plaintiff's own Exhibit E to the FAC. However, assuming arguendo that Baxter is a different party than Plaintiff and that the state criminal proceedings against Baxter do not involve Plaintiff, Plaintiff's argument that *Younger* abstention does not apply is confounded by the fact that it still names the DA as a Defendant in this case. If Plaintiff asserts that there are no ongoing criminal proceedings against it, the DA should not have been named as a Defendant.

### B. The civil enforcement proceedings against Plaintiff are not legislative in nature or "executive actions".

First, the civil enforcement proceedings currently against Plaintiff are not executive actions. Plaintiff's perfunctory analysis of the holding in *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989) that "citations and notices" do not give rise to a judicial proceeding, is wholly inaccurate. In *New Orleans Public Service, Inc.*, the case involved a dispute between a public utility company and the City of New Orleans over the setting of utility rates by the city council. While recognizing that *Younger* abstention has expanded beyond state criminal prosecutions to civil enforcement proceedings, the Supreme Court in *New Orleans Public Service, Inc.* clarified that in the specific situation where the city council of New Orleans denied New Orleans Public Service, Inc.'s request for an immediate rate increase, requiring a public hearing to explore the prudency and reasonableness of the said expenses, were proceedings that were plainly legislative and thus not "judicial in nature" as required under *Younger*. *Id.* at 355, 370, 371. Here, the citations, notices and abatement warrants issued to Plaintiff are clearly distinguishable from the proceedings in *New Orleans Public Service, Inc.* Nowhere in

*New Orleans Public Service, Inc.* does it discuss citations or notices as "executive action," and Plaintiff fails cite to any analogous case that supports its conclusory statement. In the absence of such case law, Plaintiff has not demonstrated that the current state civil enforcement proceedings against it are not judicial in nature, and thus, not subject to *Younger* abstention.

### C. *Younger* **abstention does not require a pending state** *lawsuit* **for it to apply**.

Plaintiff's argument that the citations, notices and warrants against it are considered executive action and that there needs to be a pending lawsuit against it for *Younger* abstention to apply, is without merit. Plaintiff provides no case law to support these assertions. As stated above, Plaintiff again has not directed this Court to any authority that explains what an "executive action" in the context of this case means. Moreover, *Younger* does not require that a "lawsuit" be filed against a party in order for abstention to apply, and Plaintiff fails to direct this Court to any case law that specifically states such. The Supreme Court has repeatedly pronounced that federal courts shall not interfere with state court *proceedings*. *Younger v. Harris*, 401 U.S. 37, 43 (1971). The Supreme Court specifically stated that *Younger* abstention applies to three scenarios: "1) ongoing state criminal prosecutions; 2) certain civil enforcement *proceedings*; and 3) civil *proceedings* involving certain orders… uniquely in the furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (emphasis added). If the Supreme Court required that *Younger* was to only be applied to pending civil lawsuits, it would not use such language as *proceedings* when identifying the applicable scenarios. Plaintiff's inability to cite to such authority that a pending state court lawsuit is required in order for *Younger* abstention to apply demonstrates that this is not the Supreme Court's intention.

### D. **The civil enforcement proceedings against Plaintiff have not ceased**.

Plaintiff's argument that since the Abatement Warrant that was signed and executed for the Markham Property was completed, returned and unopposed by Plaintiff in San

Bernardino County Superior Court, such state action is deemed to cease, is inconsistent. Plaintiff uses the sword-and-shield tactic stating that on one hand Defendants should be estopped from abating the Subject Properties, while on the other hand arguing there is no ongoing civil enforcement proceedings that would trigger *Younger* abstention since the conduct has ceased. *See* Opposition, p. 12, ¶3 (since line-spacing is inaccurate). That is simply not the case. There are still multiple citations and notices to abate directed to Plaintiff regarding the other Subject Properties.

E. **The discretion of state courts to hear federal Constitutional questions does not mean Plaintiff does not have an opportunity to raise federal constitutional claims.**

"A federal court's exercise of Younger abstention does not turn on whether the federal plaintiff actually avails himself of the opportunity to present federal constitutional claims in the state proceeding, but rather whether such an opportunity exists." *Herrera v. v. City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019) *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (explaining that plaintiffs "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate"). "The burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of its claims." *Herrera*, 918 F.3d at 1046.

Here, Plaintiff argues that since federal courts have original jurisdiction over Constitutional claims, state courts do not have the power nor obligation to hear such claims. This assertion is patently false. "States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause. Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). Plaintiff's argument that a state court's discretion to hear or to not hear Constitutional claims, does not satisfy its burden that state procedural law barred its claims brought here. Moreover,

Plaintiff fails to point to any other reason why it could not raise its federal constitutional claims in the civil enforcement proceeding.

### IV. **PLAINTIFF HAS STILL NOT DEMONSTRATED THAT THE SUBJECT PROPERTIES ARE SUBJECT TO SOVEREIGNTY OR THAT IT IS INCORPATED BY THE CROW TRIBE.**

Plaintiff's argument that it can just acquire land without legal, administrative or diplomatic processes through the United States government is without merit as no authority has been cited to support such argument.

First, Plaintiff's recitation of the facts and holding in *U.S. v. Sandoval*, 231 U.S. 28 (1931) is misleading. "The narrow question decided in the *Sandoval* case was that the dependent status of the Pueblo Indians was such that Congress could expressly prohibit the introduction of intoxicating liquors into their lands under its power "To regulate Commerce ... with the Indian Tribes." U.S. Const., Art. I, § 8, cl. 3." *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 242 (1985). The court in *Sandoval* wanted to address "whatever doubts there previously were about the applicability of the Indian liquor statute to the Pueblos, "Congress, evidently wishing to make sure of a different result in the future, expressly declared" in the Enabling Act that "it should include them."" *Id. citing Sandoval*, 231 U.S. at 38. The sovereignty of the lands granted to the Pueblo from the King of Spain were not at issue in *Sandoval* since Congress confirmed the sovereignty of the land since the acquisition of the territory by the United States. 231 U.S. at 39. The sovereignty of the Subject Properties here has yet to be proven.

Second, Plaintiff provides no authority to support its assertion that "Tribal economic development corporations… have the right and freedom to acquire any property or land as guaranteed by the [Fifth] and [Fourteenth] Amendments to the U.S. Constitution". *See* Opposition, p. 16, ¶1 (since line-spacing is inaccurate).

Next, Plaintiff's reliance on *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751 (1998) is also misleading because the facts in *Kiowa* cannot be consolidated with the facts here. Accepting Plaintiff's recitation of the facts in *Kiowa*

where the court held that the Kiowa Tribe enjoyed immunity from suits on contracts, whether they were made on or off a reservation, is simply not what we are faced with here. *Kiowa Tribe of Oklahoma,* 523 U.S. at 760. In *Kiowa*, the court narrowly analyzed the execution of a contract that occurred beyond the tribe's land, not regarding conduct that occurred on recently acquired land, or the process by which the land was acquired. *Id.* at 753. Here, Plaintiff's claim is not that it is immune from suit because of its engagement in commercial activities, such as signing a contract, but that it is immune from the enforcement of state public nuisance law.

Furthermore, Plaintiff's reliance on the non-persuasive case *Native American Distributing v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288 (10th Cir. 2008) is misplaced. In *Seneca-Cayuga Tobacco Co.*, the court extended immunity to the tribe's enterprise after it thoroughly reviewed its creation through the tribe's constitution. *Id.* at 1290-91. Here, Plaintiff has still not demonstrated and put forth any evidence other than conclusory allegations that it is an entity of the Crow Tribe.

Since Plaintiff has still not demonstrated that the Subject Properties have been recognized by the United States government as sovereign land, immune to the enforcement of state laws, and thus subject to Federal jurisdiction, its causes of action lack subject matter jurisdiction.

V. **THE PARTIES AND ALLEGATIONS IN THE FAC ARE CONFLATED.**

Plaintiff's FAC fails to facially state a plausible claim against the DA. As stated above in Section III.A., Plaintiff insists that there are no pending state criminal proceedings against it but names the DA as a Defendant in this case. Based on Plaintiff's assertions in its Opposition to Defendants' Motion to Dismiss and its FAC, there are no facts to support any of its claims for relief against the DA.

VI. **PLAINTIFF HAS NOT DEMONSTRATED THAT THE CROW TRIBE IS NOT A NECESSARY PARTY.**

As stated above in Section III.A., Plaintiff fails to address why the Articles of Incorporation for Michael Green state that Baxter, and not the Crow Tribe, is the

"Incorporator". (Exhibit E to FAC). Since there are only conclusory assertions that it is a corporation of the Crow Tribe and no evidence that it itself is a recognized Indian Tribe by the federal government, holding the right of sovereign immunity, the Crow Tribe is a necessary party for there to be complete relief.

## VII. CONCLUSION

For the foregoing reasons, Defendants Jason Anderson, in his capacity as the District Attorney of San Bernardino County and San Bernardino County respectfully request that the Court grant their Motion to Dismiss with respect to all of Plaintiff's claims.

DATED: April 12, 2024                    Respectfully submitted,

                                         TOM BUNTON
                                         County Counsel


                                         */s/ Elyse S. Okada*
                                         ELYSE S. OKADA
                                         Deputy County Counsel
                                         Attorneys for Defendants Jason Anderson, in his capacity as District Attorney for San Bernardino County and San Bernardino County